UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>A. HIXTON,<br><br>    Respondent. | No. 2:23-cv-02711 DB P<br><br><u>ORDER</u> AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner, proceeds pro se and seeks to proceed in forma pauperis. Petitioner has filed an application for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to stay this proceeding and hold it in abeyance while petitioner exhausts state court remedies on grounds for relief. For the reasons that follow, the undersigned will recommend petitioner's motion for a stay and abeyance be denied under the procedure of <u>Rhines v. Weber</u>, 544 U.S. 269, 271 (2005), and granted under the procedure in <u>Kelly v. Small</u>, 315 F.3d 1063, 1071 (9th Cir. 2003), overruled in part on other grounds by <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007).

**I.     Background**

    **a.  State Criminal Conviction and Postconviction Proceedings**

Petitioner challenges his 2020 conviction in the San Joaquin County Superior Court. (ECF No. 10, Amended Petition.) A jury convicted petitioner of residential robbery, residential

1    burglary, assault with a firearm, and criminal threats. (Id. at 1.) Petitioner appealed his

2    convictions to the California Court of Appeal for the Third Appellate District, which affirmed the

3    judgment. (Id. at 2.) The California Supreme Court denied a petition for review. (Id.)

4        Petitioner sought state habeas corpus relief in the San Joaquin County Superior Court in a

5    petition filed on January 20, 2024. (ECF No. 10 at 3.) The state habeas corpus proceeding is

6    pending. (Id.)

### b. The Present Petition and Motion to Stay

8        Petitioner initiated this action on November 20, 2023, with the filing of an unsigned

9    petition and a motion to stay and abey. (ECF Nos. 1, 2.) The original, unsigned petition presented

10   four grounds for relief: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct;

11   (3) judicial misconduct; and (4) unconstitutional sentence. (ECF No. 1.)

12       In a motion to stay and abey filed on November 20, 2023, petitioner noted the four

13   grounds raised in the original petition were not presented to the California Supreme Court. (ECF

14   No. 2.) Petitioner requested the court to stay this proceeding and keep it in abeyance while he

15   exhausts these grounds. (Id.)

16       On December 8, 2023, the court ordered petitioner to either pay the filing fee or submit an

17   affidavit requesting to proceed in forma pauperis. (ECF No. 4.) Petitioner has submitted an

18   affidavit requesting to proceed in forma pauperis. (ECF No. 12.) Examination of the application

19   reveals petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in

20   forma pauperis is granted. See 28 U.S.C. § 1915(a).

21       On February 23, 2024, the court ordered petitioner to file a signed petition. (ECF No. 9.)

22   On April 29, 2024, petitioner filed an amended, signed petition for writ of habeas corpus ("first

23   amended petition"). (ECF No. 10.) The first amended petition presents two grounds for relief: (1)

24   admission of parole status wrongfully revealed to the jury; and (2) ineffective assistance of trial

25   counsel. (Id.) The court screens the first amended petition, which is the only signed petition, as

26   the operative petition.

27   ////

28   ////

**II.     Legal Standards**

    **A.  Screening**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ...." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

    **B.  Exhaustion**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The highest state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (internal citation omitted). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the

3

facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). Thus, a petition presenting any unexhausted claims must be dismissed. Id.

### III. Discussion

#### A. The Amended Petition contains an Unexhausted Claim and Must be Dismissed

Ground one of the first amended petition, wrongful admission of parole status, has been presented to the California Supreme Court and is exhausted. (See ECF No. 10 at 2.) Ground two of the first amended petition, ineffective assistance of counsel, has not been presented to the California Supreme Court. Ground two of the first amended petition has been raised in a state petition for writ of habeas corpus that is currently pending. (Id. at 3.) Ground two is not exhausted. Thus, the amended petition is a mixed petition containing an exhausted claim and an unexhausted claim, and as such, must be dismissed. See Rose v. Lundy, 455 U.S. at 522. The court will consider petitioner's motion for a stay and abeyance.

#### B. Two Stay Procedures

There are two distinct procedures available for staying a petition. In Rhines v. Weber, the Supreme Court held that "a district court may stay the petition and hold it in abeyance to allow the petitioner to return to state court and present his unexhausted claims." Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (citing Rhines, 544 U.S. at 275-76). Under Rhines, a district court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277.

Separately, under Kelly v. Small, the Ninth Circuit held that a district court may stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the

intention that the additional claims will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063).

The "Kelly procedure," has been described by the Ninth Circuit as involving a three-step process:

(1) Petitioner amends his petition, to delete any unexhausted claims;

(2) The court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and

(3) The petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner proceeding under the Kelly procedure may be able to amend the petition to include the newly exhausted claims if they are timely under the statute of limitations governing federal habeas petitions.[1] If the claims are not timely, "a petitioner may amend a new claim into a pending federal habeas petition ... only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' ... simply because it arises from 'the same trial, conviction, or sentence.'" King, 564 F.3d at 1141 (internal citations omitted).

### C. The Undersigned recommends a Kelly stay

Petitioner requests a stay primarily under Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 2 at 2.) Petitioner's motion also acknowledges the "withdrawal and abeyance" procedure under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (Id.) In support of a stay, petitioner argues good cause exists due to petitioner's lack of understanding of the law. (ECF No. 2 at 4.) Finding good cause lacking, however, the undersigned will recommend a stay under the procedure of Kelly.

////

---

[1] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period begins to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Petitioner's lack of understanding of the law does not suffice to satisfy the good cause requirement for a Rhines stay. Petitioner fails to demonstrate he has been expeditious in seeking relief or that there are other circumstances that satisfy the good cause requirement. The Supreme Court has flatly rejected the notion that petitioners proceeding without counsel may be excused from the exhaustion requirement because they cannot be expected to understand or comply with the exhaustion requirement. See Rose v. Lundy, 455 U.S. at 519-20.

Lack of counsel to assist with habeas review, alone or in combination with a petitioner's legal inexperience, does not amount to good cause for failure to exhaust. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (reasoning that routine stay and abey orders would be contrary to Rhines' instruction that district courts only stay mixed petitions in "limited circumstances"). Because petitioner has not shown good cause shown for the failure to exhaust, the motion for a stay under the Rhines procedure should be denied.

In contrast to the Rhines procedure, "[t]he Kelly procedure... is not premised upon a showing of good cause." King, 564 F.3d at 1140. Under Kelly, though, a petitioner can only amend his petition with his newly exhausted claim if that claim is "timely" when amendment is sought. See id. at 1140-41. Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181 (2001). To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, see 28 U.S.C. § 2244(d)6 or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. See King, 564 F.3d at 1143; Mayle v. Felix, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. See Mayle, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. Id.

After a stay under Kelly, petitioner will need to meet one of the two requirements: his amended petition must be timely under AEDPA or his newly exhausted claim(s) must "relate back" to his previously exhausted claims. The undersigned expresses no opinion as to whether petitioner will be able to meet either of these requirements. See Pliler v. Ford, 542 U.S. 225, 233

(2004) (district courts need not "give specific advisements as to the availability and wisdom" of various options when seeking a stay of habeas petition). While the Kelly procedure is a more cumbersome procedure that requires petitioner to file a further amended federal habeas petition omitting all unexhausted claims, it is the only procedural avenue for a stay for the purpose of exhaustion in the absence of a good cause showing for a Rhines stay.

Petitioner is cautioned that a Kelly stay does not ensure that any of petitioner's unexhausted claims for relief will ultimately be deemed timely filed once they are properly exhausted in state court. Petitioner will later need to either show that any newly exhausted claims are timely or that they relate back to his original exhausted claim. While it is being recommended that petitioner's motion to stay be granted under Kelly, the court does not at this time reach the question of whether either of petitioner's unexhausted claims may ultimately be presented in this action. The court will address that question if petitioner seeks leave to present any newly exhausted claims together with his exhausted claim in a further amended federal petition under the third step of Kelly. See 315 F.3d at 1070.

If the state court issues a ruling on petitioner's additional claim(s) while this action is pending, petitioner should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.

**IV.     Conclusion, Order, and Recommendation**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 12) is granted.
2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. The first amended petition be dismissed as a mixed petition containing an unexhausted claim.
2. Petitioner's motion for stay and abeyance (ECF No. 2) be denied under the procedure of Rhines v. Weber, 544 U.S. 269 (2005), for lack of good cause shown.
3. Petitioner's motion for stay and abeyance (ECF No. 2) be granted under the procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

7

4. Petitioner be directed to file, within 30 days from any order adopting of these Findings and Recommendations, an amended § 2254 petition which deletes claim two of the first amended petition and which presents only exhausted claims.

5. The Clerk of Court be directed to stay these proceedings once petitioner files the amended § 2254 petition in compliance with the directive above.

6. Petitioner be further directed to file a status report with the court every 90 days indicating what step(s) he has taken to exhaust his state court remedies.

7. Petitioner be ordered to file a motion to lift the stay of this case within 30 days from the date the California Supreme Court issues an opinion on state habeas.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 27, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
walk2711.stay.fr

8