UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALKER, | No. 2:23-cv-2711-DC-SCR-P |
| Petitioner, | |
| v. | ORDER |
| A. HIXTON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without a lawyer in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. By order dated August 15, 2024, petitioner's motion for a stay and abeyance was granted, in part, and he was directed to file a fully exhausted second amended § 2254 petition within 30 days. ECF No. 15.

A review of the docket indicates that petitioner filed a second amended § 2254 petition on September 23, 2024.[1] Although the form petition itself lists two claims for relief, petitioner's memorandum in support of the petition is limited to his fully exhausted due process challenge to the trial court's denial of his motion for a mistrial. As a result, the court finds that petitioner has substantially complied with the court's August 15, 2024 order by filing a second amended § 2254 which the court construes as containing a single due process challenge. Therefore, the court will

---

[1] The court is unable to use the prison mailbox rule to calculate the constructive filing date of this amended habeas application because petitioner did not include the date of his signature.

1

direct the Clerk of Court to stay these proceedings pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Petitioner is further ordered to file a status report no later than May 27, 2025, and every 90 days thereafter, until such time as the California Supreme Court has issued a ruling on any state habeas corpus application filed by petitioner.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall administratively stay these proceedings.

2. Petitioner shall file a status report no later than **May 27, 2025**, and every 90 days thereafter, until such time as the California Supreme Court has issued a ruling on any state habeas corpus application filed by petitioner. The status report shall describe the steps that petitioner has taken to exhaust his ineffective assistance of counsel claim in state court.

3. No later than 30 days after the completion of state habeas proceedings, petitioner is directed to file a motion to lift the stay of these proceedings.

4. In addition to filing a motion to lift the stay, petitioner is directed to file a motion for leave to amend, along with a proposed third amended § 2254 petition containing all of his claims for relief, including any newly exhausted ineffective assistance of counsel claim.

5. Petitioner's failure to comply with this order will result in a recommendation that the stay of this case be lifted and that respondent be required to file an answer to the second amended § 2254 petition containing a single due process challenge to petitioner's conviction.

DATED: February 27, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE